UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| Harold Hamilton Jr.,<br><br>  Plaintiff,<br><br>v.<br><br>Amcol Systems, Inc.,<br><br>  Defendant. | Civil Action No: 4:19-cv-186<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

NOW COMES, Plaintiff HAROLD HAMILTON JR. ("Plaintiff"), by and through his attorney, SHAWN JAFFER, for his complaint against Defendant AMCOL SYSTEMS, INC. ("Defendant"), *to wit*, for violations of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA").

## PREMLIMINARY STATEMENT

1. This is an action for statutory damages, costs, and attorney's fees pursuant to 15 USC §1692 *et seq.* (FDCPA).

## JURISDICTION & VENUE

2. This Court has jurisdiction over this action and all counts under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k.

3. Venue in this District is proper under 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred here.

## PARTIES

4. Plaintiff is a natural person, and a citizen of the State of Texas, residing at 3301 Northstar Rd, Apt 627, Richardson, Collin County, Texas.

5. Plaintiff is allegedly obligated to pay a debt to Defendant.

6. Plaintiff is a "Consumer" meaning any natural person obligated or allegedly obligated to pay any debt.

7. Defendant, Amcol Systems, Inc., is a company organized under the laws of the State of South Carolina and maintains a registered agent in Austin, Texas.

8. Defendant is a collection agency.

9. Defendant regularly collects debts from consumers in the State of Texas.

10. The Current Creditor is the Defendant Amcol Systems, Inc.

11. The debt at issue (the "Consumer Debt") is the amount Plaintiff allegedly owes the Current Creditor.

12. The Consumer Debt is an obligation or alleged obligation of a Consumer to pay money arising out of a transaction in which the money, property, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

13. Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

14. Defendant is a "debt collector" meaning any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due another.

15. At all times material hereto, Defendant was acting as a "debt collector" in respect to the collection of Plaintiff's alleged debts.

**ALLEGATIONS**
*Violation – Communication with Third Parties About Debt*

16. At a date better known to Defendant, the Defendant phone called the Plaintiff's father about the Plaintiff's alleged debt.

17. On that phone call the Plaintiff's father told the Defendant that the alleged debt belonged to the Plaintiff because the date of birth matched the Plaintiff.

18. However, on that phone call the Defendant attempted to collect and disclosed personal, account and medical information about the alleged to the Plaintiff's father after being told by the Plaintiff's father that the alleged debt did not belong to him but belonged to the Plaintiff.

19. As a result of Defendant's actions, the Plaintiff suffered a violation of his privacy, humiliation and embarrassment that his father found out about the alleged debt and his medical condition.

20. Defendant's chief compliance officer phone called Plaintiff to speak about the incident.

21. Defendant's admitted that its agent Ryan mishandled the phone call and should not have provided Plaintiff's information to the Plaintiff's father.

22. Defendant admitted on that phone call that Ryan was being reprimanded.

23. Defendant has violated the FDCPA.

24. As a result of the above violation of the FDCPA the Plaintiff suffered a violation of his privacy, humiliation and embarrassment and therefore the Defendant is liable to the Plaintiff for statutory damages, costs, and attorney's fees.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692** *et seq.*

25. Plaintiff re-alleges and incorporates by reference paragraphs in this complaint as though fully set forth herein.

26. The FDCPA, 15 U.S.C. § 1692 reads:

(b) Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall-

1. identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer, 15 U.S.C. § 1692b(1); and

2. not state that such consumer owes any debt, 15 U.S.C. § 1692b(2).

(c)(b) "Communication with third parties": Without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction… a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, or a consumer reporting agency.

(e) A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt.

10. The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

(f) A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

27. The Defendant violated 15 U.S.C. § 1692 et. al by communicating and disclosing the Plaintiff's alleged debt and personal and medical information to the Plaintiff's father after the father had told the Defendant that the alleged debt belonged to the Plaintiff.

28.     For these reasons, Defendant is liable to the Plaintiff for statutory damages, costs, and attorney's fees.

## DEMAND FOR TRIAL BY JURY

29.     Plaintiff requests a trial by jury on all issues and counts so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

(1)     Statutory damages of $1,000 as provided under 15 U.S.C. § 1692k(a)(2)(A);

(2)     Reasonable attorney's fees, litigation expenses and costs of the instant suit, as provided under 15 U.S.C. § 1692k(a)(3); and

(3)     Such other or further relief as the Court deems proper.

DATED: March 15, 2019

Respectfully Submitted,

SHAWN JAFFER LAW FIRM PLLC

/s/ *Shawn Jaffer*__                              .
Shawn Jaffer
Texas Bar No.: 24107817
6136 Frisco Square Blvd, Suite 400
Frisco, TX 75034
Phone:   214-210-9910
Fax:     210-594-6100
E-mail:  shawn@jafflaw.com

***Attorneys for Plaintiff Harold Hamilton Jr.***